**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

JULIE HODGE,                                  )
                                              )        1:24-cv-02226
     Plaintiff,                              )
                                              )
     and                                     )        Judge Jorge L. Alonso
                                              )
NORTHEAST ILLINOIS REGIONAL                   )
COMMUTER RAILROAD                             )
CORPORATION, d/b/a METRA                      )
                                              )
     Defendant.                              )

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
INSTANTER**

     Plaintiff, JULIE HODGE by counsel moves, this Court for leave pursuant to Fed. R. Civ. P

15(a)(2) to file her seconded amended complaint instanter. In support thereof, plaintiff states:

1. The complaint in this matter was filed on March 18, 2024.

2. Plaintiff filed a first amended complaint pursuant to Fed. R. Civ. P 15(a)(1) on March 19,
   2024.

3. Since the filing of her first amended complaint, Plaintiff has discovered additional
   information pertaining to the allegations in this case.

4. The Defendant has not filed an Answer in this matter.

WHEREFORE, Plaintiff, JULIE HODGE, asks this Court to enter an Order granting her leave

of Court pursuant to Fed. R. Civ. P. 15(a)(2) to file her second amended complaint instanter.

Respectfully submitted,

<u>/s/ Kendra D. Spearman</u>
**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

JULIE HODGE,            )

                            )     JURY TRIAL DEMANDED

       Plaintiff,       )

                            )

   vs.                 )

                            )

NORTHEAST ILLINOIS    )

REGIONAL COMMUTER     )

RAILROAD CORPORATION, d/b/a   )

METRA              )

       Defendant.     )

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, JULIE HODGE (hereinafter "Plaintiff"), by and through her counsel, SPEARMAN LAW, LLC and complains against the Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA (hereinafter "Defendants") and states the following in support thereof:

## NATURE OF ACTION

1. Plaintiff, JULIE HODGE files this complaint for damages related to her employment with Defendant for violation of her rights under Title VII of the Civil Rights Act of 1964. Plaintiff also brings this action for discrimination based on race and religion, harassment based on race and religion, and retaliation based on race and religion. Plaintiff also brings this complaint pursuant to 42 U.S.C. Section 1981.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq. ("Title VII"); the judicial code 28 U.S.C. § 1331, § and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to this Complaint occurred within this judicial district and Plaintiff was employed by the Defendant in the County of Cook, in the State of Illinois. Venue is also proper pursuant to 42 U.S.C.A. § 2000e-5(f)(3).

## PARTIES

4. PLAINTIFF JULIE HODGE is an African American resident of the Northern District of Illinois and has worked for the Defendant for about eight (8) years before she was terminated.

5. NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION is a Corporation in the State of Illinois with 500 or more employees and has an office and does business in the County of Cook, State of Illinois.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has met all administrative prerequisites.

7. Plaintiff filed a charge of discrimination with the EEOC on July 28, 2022 (440-2022-04305) (See attached Exhibit. A)

8. Plaintiff filed an amended charge of discrimination with the EEOC on November 28, 2023 (440-2022-04305) (See attached Exhibit. B)

9. Plaintiff was issued a right to sue letter and received the right to sue letter on or about December 20, 2023, and timely filed this complaint. (See attached Exhibit C)

## FACTS COMMON TO ALL COUNTS

10. Plaintiff's employment with the Defendant started in January 2015.

11. Plaintiff performed her job duties satisfactorily during her time with the Defendant.

12. Plaintiff's most recent position was Road Foreman of Engines.

13. Plaintiff was one of very few Black Engineers.

14. Plaintiff was one of very few female Engineers.

15. The Defendant issued a COVID-19 Vaccination Mandate in 2021.

16. Employees were allowed to submit religious exemptions.

17. Accordingly, Plaintiff applied for a religious accommodation.

18. The Defendant requested additional information pertaining to Plaintiff's request but still placed Plaintiff on leave.

19. As instructed, Plaintiff submitted additional information in support of her religious exemption request.

20. The Defendant subsequently denied Plaintiff's request for a religious accommodation.

21. The Defendant sent a notice of a pre-termination hearing, requesting Plaintiff's presence.

22. The hearing was initially scheduled for March 11, 2022, and then re-scheduled to March 12, 2022.

23. Plaintiff requested to reschedule the March 12, 2022, hearing due to a medical issue and submitted the necessary documentation.

24. Defendant held the hearing without Plaintiff.

25. The Defendant rescheduled the hearing after Plaintiff submitted verification from her physician sufficient to support reasons for her absence from the hearing.

26. Plaintiff's physician additionally recommended an extended medical leave.

27. The Defendant reconvened for the hearing on March 18, 2022, but Plaintiff did not feel well so she left early.

28. The Defendant requested medical documentation to verify Plaintiff's need to leave the hearing.

29. Plaintiff complied and there was another hearing scheduled.

30. However, Plaintiff reported that her son had COVID, and the hearing was postponed.

31. The Defendant sent the notice to reschedule the hearing to the wrong e-mail.

32. To exacerbate matters, the Defendant added an insubordination charge for leaving the prior hearing, even though Plaintiff submitted documentation to verify her reason for leaving.

33. The Defendant denied the Plaintiff's religious exemption, but approved exemptions for similarly situated employees of other religions, races, as well as male employees.

34. Furthermore, the Defendant refused to allow Plainitff to appear virtually for the meeting via Webex, although other employees were allowed to hold their meeting via Webex.

35. The Defendant added an additional charge of insubordination after Plainitff filed an EEOC charge.

36. In response, the Plaintiff was placed on a leave of absence.

37. Eventually, Plaintiff was removed from her position on November 12, 2022, and eventually terminated on February 4, 2023.

38. Plaintiff engaged in protected activity when she filed an EEOC charge.

39. In response, the Defendant filed charges of insubordination and demoted Plaintiff from Road Foreman/Trainmaster to Locomotive Engineer.

40. Defendant held a sham and cursory hearing which failed to prove its allegations against Plaintiff.

41. When Defendant could not prove allegations against the Plaintiff, the Defendant conducted another hearing and added additional charges.

42. On 2/3/23, Plaintiff was terminated without cause or justification.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DISCRIMINATION ON THE BASIS OF RELIGION

43. Plaintiff repeats and realleges paragraphs 1-42 and incorporates same by reference as though fully set out herein.

44. Plaintiff practices the religion of New Wave Movement.

45. Plaintiff is a covered employee to which Title VII applies. See 42 USC § 2000e(a).

46. Defendants discriminated against Plaintiff with respect to her compensation, terms, conditions, and/or privileges of employment, because of her religion. See 42 USC § 2000e-2(a).

47. Plaintiff formally complained about religious discrimination to the Equal Employment Opportunity Commission.

48. As a result, Defendant discriminated against Plaintiff as complained herein.

49. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, Julie Hodge seeks the following relief against the Defendant:

A. That the Court find that the Defendant violated Title VII for discriminating against the Plaintiff;

B. Award actual and compensatory damages in an amount to be determined to fully compensate Plaintiff for her injuries;

C. Award punitive damages;

D. Award Plaintiff her reasonable attorneys' fees and costs; and

E. Award such other legal, equitable, and make-whole relief as this Court deems just and proper.

## COUNT II:
## TITLE VII: RACE DISCRIMINATION

50. Plaintiff repeats and realleges paragraphs 1-49 and incorporates same by reference as though fully set out herein.

51. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

52. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including pay and

disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

53. Through the actions alleged hereinabove, Plaintiff was subjected to disparate treatment and was not subjected to the same terms of employment as the non-Black employees.

54. Title VII prohibits discrimination in hiring, pay, promotion, termination, and other terms and conditions of employment because of race, color, sex, national origin or religion.

55. Defendants discriminated against Plaintiff as set forth herein this Complaint.

56. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JULIE HODGE, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTs for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT III:
## SECTION 1981 RACIAL DISCRIMINATION

57. Plaintiff repeats and realleges paragraphs 1-56 and incorporates same by reference as though fully set out herein.

58. At all times relevant, Plaintiff is an African American female who worked for the Defendants.

59. Defendants and their agents were under a duty to prevent discriminatory working environment and conduct and implement their personnel decisions, including pay, and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

60. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

61. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JULIE HODGE, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance. with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Section 1981;

8

B. Award PLAINTIFF the value of her lost wages, lost benefits, and other monetary losses

   caused by DEFENDANTS.

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT IV:
## TITLE VII: HARASSMENT (RELIGION)

62. Plaintiff repeats and realleges paragraphs 1-61 and incorporates same by reference as though fully set out herein.

63. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

64. Plaintiff was subjected to unwelcome harassment.

65. The harassment was based on Plaintiff's religion.

66. The harassment amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

67. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JULIE HODGE, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor

of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

### COUNT V:
### TITLE VII: HARASSMENT (RETALIATION)

68. Plaintiff repeats and realleges paragraphs 1-67 and incorporates same by reference as though fully set out herein.

69. At all times relevant, Plaintiff is an African American female who worked for the Defendants.

70. The Plaintiff complained about discrimination based on her religion.

71. Plaintiff was subjected to unwelcome harassment because she engaged in a protected activity.

72. The harassment amounted to conduct that was intimidating, hostile, and offensive.

73. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF JULIE HODGE, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

74. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights Act;

75. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

76. Award PLAINTIFF attorney's fees and costs in bringing this action; and

77. Award such other and further relief as the court may deem just and equitable.

## **COUNT VI**
## **TITLE VII GENDER DISCRIMINATION -HARRASSMENT**

78. Plaintiff reincorporates and re-alleges paragraphs 1-77 as if fully set forth herein.

79. Plaintiff is a female and is a protected person under the Title VII.

80. Plaintiff was subjected to unwelcome harassment as complained of herein.

81. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, severe emotional distress, pain and suffering, humiliation, loss of reputation, lack of a positive employment reference, and incidental damages

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JULIE HODGE, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT VII:
## TITLE VII: RETALIATORY DISCHARGE

82. Plaintiff repeats and realleges paragraphs 1-81 and incorporates same by reference as though fully set out herein.

83. The Plaintiff engaged in protected activity as complained herein.

84. Defendants discriminated against Plaintiff as set forth herein this Complaint.

85. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

86. More specifically, Plaintiff was terminated because she engaged in protected activity.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF JULIE HODGE, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendant engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

JULIE HODGE

By: /**s/ Kendra D. Spearman**

**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com

EXHIBIT A

EEOC Form 5 (11/09)

| | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION** | | EEOC | **440-2022-04305** |
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | FEPA | |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Julie R. Hodge | (630) 200-9039 | |

| Street Address |
|---|
| ▆▆▆▆▆▆▆ |
| ▆▆▆▆▆▆▆ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Northeast Illinois Rail Corporation Metra | 501+ Employees | |

| Street Address |
|---|
| 547 W Jackson Blvd |
| CHICAGO, IL 60661 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Race, Religion, Sex | 01/21/2022 | 01/21/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with Respondent on or around January 2015. My last position was Road Foreman of Engines. I submitted a religious exemption to Respondents Covid-19 vaccine mandate, and my request was denied. However, on or about January 21, 2022, I was placed on a leave of absence. I believe I have been discriminated against because of my religion, New Wave Movement; my race, Black; and my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Ms. Julie R. Hodge** 07/28/2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |

# EXHIBIT B

# EEOC Received: 11-28-2023

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | **440-2022-04305** |

<table>
<tr><td colspan="4" align="center">Illinois Department of Human Rights and EEOC</td></tr>
<tr><td colspan="4" align="center"><i>State or local Agency, if any</i></td></tr>
<tr><td>Name (<i>indicate Mr. Ms. Mrs.</i>)<br>Julie Hodge</td><td colspan="2">Home Phone (Incl. Area Code)</td><td>Date of Birth<br>02/8/1978</td></tr>
<tr><td>Street Address</td><td colspan="3">City, State and ZIP Code</td></tr>
</table>

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two. list under PARTICULARS below.*)

| Name<br>Northeast Illinois Rail Corporation Metra | No. Employees, Members<br>501+ | Phone No. (Include Area Code)<br>630-200-9039 |
|---|---|---|
| Street Address<br>547 W. Jackson Blvd. Chicago, IL 60661 | City, State and ZIP Code | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*)<br><br>_X_ RACE  __ COLOR  _X_ SEX _X_ RELIGION __ NATIONAL ORIGIN<br><br>_X_ RETALIATION __ AGE __ DISABILITY __ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest    Latest<br>1/21/22    2/3/23<br><br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

- Complainant's employment with the Defendant started in January 2015.
- Complainant's most recent position was Road Foreman of Engines.
- Complainant submitted a religious exemption.
- The Respondent denied the exemption, but approved exemptions for similarly situated employees of other religions.
- Respondent engaged in protected activity.
- In response, the Complainant was placed on a leave of absence.
- Complainant engaged in protected activity when she filed an EEOC charge.
- In retaliation, the Respondent filed charges of insubordination and demoted Complainant from Road Foreman/Trainmaster to Locomotive Engineer.
- On 2/3/23, Complainant was terminated without cause or justification.
- Complainant was harassed based on race, sex, and religion.
- Respondent held a sham and cursory hearing which failed to prove its allegations against Complainant.
- When Respondent could not prove allegations against the Complainant, the Respondent conducted another hearing and added additional charges.
- Complainant was terminated because she engaged in protected activity, because she is Black, female and because of her religion, New Wave Movement.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|

EXHIBIT C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/20/2023

**To:** Ms. Julie R. Hodge
7720 Oleander Dr.
PLAINFIELD, IL 60586
Charge No: 440-2022-04305

EEOC Representative and email:   OLGA HARO
Investigator
olga.haro@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2022-04305.

On behalf of the Commission,

Digitally Signed By:Diane Smason
12/20/2023

Diane Smason
Acting District Director

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2024, I served the foregoing document upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

<u>/s/Kendra D. Spearman</u>
Kendra D. Spearman
Attorney for the Plaintiff