IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JULIE HODGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| vs. | ) Case No. 1:24-cv-02226 |
| | ) |
| NORTHEAST ILLINOIS REGIONAL | ) |
| COMMUTER RAILROAD | ) |
| CORPORATION, d/b/a METRA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, ("Defendant" or "Metra") by and through its undersigned counsel, David V. Cascio of Laner Muchin, Ltd., submits its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint as follows:

**NATURE OF ACTION**

1. Plaintiff, JULIE HODGE files this complaint for damages related to her employment with Defendant for violation of her rights under Title Vil of the Civil Rights Act of 1964. Plaintiff also brings this action for discrimination based on race and religion, harassment based on race and religion, and retaliation based on race and religion. Plaintiff also brings this complaint pursuant to 42 U.S.C, Section 1981.

**ANSWER: Defendant admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 for discrimination based on race and religion, harassment based on race and religion, and retaliation based on race and religion and also purports to assert claims under 42 U.S.C. Section 1981. Defendant denies any violation of Title VII, denies any violation of Section 1981, denies any discrimination against Plaintiff, denies any harassment**

**against Plaintiff, denies any retaliation against Plaintiff, and denies the remaining allegations in Paragraph 1.**

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq, ("Title VII"); the judicial code 28 U.S.C. § 1331, § and 1343.

**ANSWER: Defendant admits that Plaintiff attempts to invoke jurisdiction of this Court pursuant to the Civil Rights Act, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*, and the judicial code 28 U.S.C. § 1331 and § 1343. Defendant denies the remaining allegations in Paragraph 2.**

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to this Complaint occurred within this judicial district and Plaintiff was employed by the Defendant in the County of Cook, in the State of Illinois. Venue is also proper pursuant to 42 USC.A. § 2000c-5(f)(3).

**ANSWER: Defendant admits that venue is proper and that Plaintiff was employed by Defendant in the County of Cook in the State of Illinois, but denies the remaining allegations in Paragraph 3.**

## PARTIES

4. PLAINTIFF JULIE HODGE is an African American resident of the Northern District of Illinois and has worked for the Defendant for about eight (8) years before she was terminated.

**ANSWER: Defendant admits that Plaintiff identified herself as African American and indicated that she was resident of the Northern District of Illinois, but denies the remaining allegations in Paragraph 4.**

5. NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION is a Corporation in the State of Illinois with 500 or more employees and has an office and does business in the County of Cook, State of Illinois.

**ANSWER: Defendant admits the allegations in Paragraph 5.**

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has met all administrative prerequisites.

**ANSWER: Defendant denies the allegations contained in Paragraph 6.**

7. Plaintiff filed a charge of discrimination with the EEOC on July 28, 2022 (440-2022-04305) (See attached Exhibit. A)

**ANSWER: Defendant admits that Plaintiff filed a charge of discrimination, Charge No. 440-2022-04305, with the EEOC and that the charge of discrimination was digitally signed on July 28, 2022, but denies the remaining allegations in Paragraph 7.**

8. Plaintiff filed an amended charge of discrimination with the EEOC on November 28, 2023 (440-2022-04305) (See attached Exhibit. B)

**ANSWER: Defendant admits that Plaintiff filed an amended charge of discrimination, Charge No. 440-2022-04305, with the EEOC and that the charge of discrimination shows "EEOC Received: 11-28-2023," but denies the remaining allegations in Paragraph 8.**

9. Plaintiff was issued a right to sue letter and received the right to sue letter on or about December 20, 2023, and timely filed this complaint. (See attached Exhibit C)

**ANSWER: Defendant admits that Plaintiff was issued a right to sue letter for Charge No. 440-2022-4305 on December 20, 2023, received the right to sue letter on or about December 20, 2023, and Plaintiff filed her original complaint on March 18, 2023, but denies the remaining allegation in Paragraph 9.**

## FACTS COMMON TO ALL COUNTS

10. Plaintiff's employment with the Defendant started in January 2015.

**ANSWER: Defendant admits the allegations in Paragraph 10.**

11. Plaintiff performed her job duties satisfactorily during her time with the Defendant.

**ANSWER: Defendant denies the allegations in Paragraph 11.**

12. Plaintiff's most recent position was Road Foreman of Engines.

**ANSWER: Defendant admits that Plaintiff's last position with Defendant was Road Foreman of Engines, but denies the remaining allegations in Paragraph 12.**

13. Plaintiff was one of very few Black Engineers.

**ANSWER: Defendant denies the allegations in Paragraph 13.**

14. Plaintiff was one of very few female Engineers.

**ANSWER: Defendant denies the allegations in Paragraph 14.**

15. The Defendant issued a COVID-19 Vaccination Mandate in 2021.

**ANSWER: Defendant admits that on November 1, 2021, Defendant announced its COVID-19 Vaccination Mandate, but denies the remaining allegations in Paragraph 15.**

16. Employees were allowed to submit religious exemptions.

**ANSWER: Defendant admits that under the COVID-19 Vaccination Mandate, employees were allowed to submit a request for a medical or religious accommodation, if necessary, by the deadline of November 15, 2021, but denies the remaining allegations in Paragraph 16.**

17. Accordingly, Plaintiff applied for a religious accommodation.

**ANSWER: Defendant admits that Plaintiff missed the deadline of November 15, 2021 to submit a request for a medical or religious accommodation but submitted an untimely and incomplete request for a religious accommodation on January 19, 2022. Defendant denies the remaining allegations in Paragraph 17.**

18. The Defendant requested additional information pertaining to Plaintiff's request but still placed Plaintiff on leave.

**ANSWER: Defendant admits that Plaintiff's request was insufficient, Defendant requested additional information, Defendant requested Plaintiff to complete a follow up questionnaire**

and Defendant was disqualified from service. Defendant denies the remaining allegation in Paragraph 18.

19. As instructed, Plaintiff submitted additional information in support of her religious exemption request.

**ANSWER: Defendant denies the allegation in Paragraph 19.**

20. The Defendant subsequently denied Plaintiff's request for a religious accommodation.

**ANSWER: Defendant admits that Defendant denied Plaintiff's requests for a medical accommodation, but denies the remaining allegations in Paragraph 20.**

21. The Defendant sent a notice of a pre-termination hearing, requesting Plaintiffs presence.

**ANSWER: Defendant admits that on February 23, 2022, Defendant sent Plaintiff correspondence requesting her to attend a Pre-Termination Hearing on March 11, 2022 for her alleged violations of Defendant's COVID-19 Vaccination Mandate but denies the remaining allegations in Paragraph 21.**

22. The hearing was initially scheduled for March 11, 2022, and then re-scheduled to March 12, 2022.

**ANSWER: Defendant admits that the Pre-Termination Hearing was rescheduled from March 11, 2022 to March 14, 2022, but denies the remaining allegations in Paragraph 22.**

23. Plaintiff requested to reschedule the March 12, 2022, hearing due to a medical issue and submitted the necessary documentation.

**ANSWER: Defendant admits that Plaintiff requested a postponement of the March 14, 2022 Pre-Termination Hearing due to a "medical condition," but denies the remaining allegation in Paragraph 23.**

24. Defendant held the hearing without Plaintiff.

**ANSWER: Defendant admits that Defendant held the Pre-Termination Hearing on March 14, 2022, as scheduled, and that Plaintiff failed to appear, but denies the remaining allegations in Paragraph 24.**

25. The Defendant rescheduled the hearing after Plaintiff submitted verification from her physician sufficient to support reasons for her absence from the hearing.

**ANSWER: Defendant admits that Defendant rescheduled the Pre-Termination Hearing for March 21, 2022, but denies the remaining allegations in Paragraph 25.**

26. Plaintiff's physician additionally recommended an extended medical leave.

**ANSWER: Defendant denies the allegation in Paragraph 26.**

27. The Defendant reconvened for the hearing on March 18, 2022, but Plaintiff did not feel well so she left early.

**ANSWER: Defendant admits that on March 21, 2022, the Pre-Termination Hearing occurred, Plaintiff stated she did not feel well, and left prior to the presentation of opening statements. Defendant denies the remaining allegations in Paragraph 27.**

28. The Defendant requested medical documentation to verify Plaintiff's need to leave the hearing.

**ANSWER: Defendant admits that on May 31, 2022, Defendant sent correspondence to Plaintiff requesting medical documentation substantiating her need to reschedule the March 14, 2022 Pre-Termination Hearing and substantiating her need to leave the March 21, 2022 Pre-Termination Hearing. Defendant denies the remaining allegations in Paragraph 28.**

29. Plaintiff complied and there was another hearing scheduled.

**ANSWER: Defendant admits that Plaintiff provided a medical record substantiating her need to leave the March 21, 2022 Pre-Termination Hearing and that Defendant scheduled**

another Pre-Termination Hearing for August 15, 2022, but denies the remaining allegations in Paragraph 29.

30. However, Plaintiff reported that her son had COVID, and the hearing was postponed.

**ANSWER: Defendant admits that on August 7, 2022, Plaintiff sent an email to Defendant stating that her son had recently tested positive for COVID and that Defendant rescheduled the Pre-Termination Hearing for September 16, 2022. Defendant denies the remaining allegations in Paragraph 30.**

31. The Defendant sent the notice to reschedule the hearing to the wrong e-mail.

**ANSWER: Defendant admits that Defendant accidently sent notice of the rescheduled Pre-Termination Hearing for August 23, 2022 to the incorrect email address, but denies the remaining allegations in Paragraph 31.**

32. To exacerbate matters, the Defendant added an insubordination charge for leaving the prior hearing, even though Plaintiff submitted documentation to verify her reason for leaving.

**ANSWER: Defendant admits that Defendant charged Plaintiff with insubordination for violations of the COVID-19 Vaccination Mandate and for attending the March 21, 2022 Pre-Termination Hearing after a suspected exposure to COVID-19, but denies the remaining allegations in Paragraph 32.**

33. The Defendant denied the Plaintiff's religious exemption, but approved exemptions for similarly situated employees of other religions, races, as well as male employees.

**ANSWER: Defendant admits that Defendant denied Plaintiff's request for a religious accommodation, but denies the remaining allegations in Paragraph 33.**

34. Furthermore, the Defendant refused to allow Plaintiff to appear virtually for the meeting via Webex, although other employees were allowed to hold their meeting via Webex.

**ANSWER: Defendant admits that Defendant denied Plaintiff's request for a virtual meeting via Webex, but denies the remaining allegations in Paragraph 34**

35. The Defendant added an additional charge of insubordination after Plaintiff filed an EEOC charge.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.**

36. In response, the Plaintiff was placed on a leave of absence.

**ANSWER: Defendant admits that Defendant placed Plaintiff on a leave of absence on November 17, 2022 until her termination on February 2, 2023, but denies the remaining allegation in Paragraph 36.**

37. Eventually, Plaintiff was removed from her position on November 12, 2022, and eventually terminated on February 4, 2023.

**ANSWER: Defendant admits that she was removed from her position and placed on a leave of absence on November 17, 2022 and terminated on February 2, 2023, but denies the remaining allegations in Paragraph 37.**

38. Plaintiff engaged in protected activity when she filed an EEOC charge.

**ANSWER: Defendant admits that Plaintiff filed an EEOC charge, but denies the allegations in Paragraph 38.**

39. In response, the Defendant filed charges of insubordination and demoted Plaintiff from Road Foreman/Trainmaster to Locomotive Engineer.

**ANSWER: Defendant denies the allegations in Paragraph 39.**

40. Defendant held a sham and cursory hearing which failed to prove its allegations against Plaintiff.

**ANSWER: Defendant denies the allegations in Paragraph 40.**

41. When Defendant could not prove allegations against the Plaintiff, the Defendant conducted another hearing and added additional charges.

**ANSWER: Defendant denies the allegation in Paragraph 41.**

42. On 2/3/23, Plaintiff was terminated without cause or justification.

**ANSWER: Defendant denies the allegations in Paragraph 42.**

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DISCRIMINATION ON THE BASIS OF RELIGION

43. Plaintiff repeats and realleges paragraphs 1-42 and incorporates same by reference as though fully set out herein.

**ANSWER: Defendant incorporates and restates its answers in Paragraphs 1 through 42 as though fully set forth herein.**

44. Plaintiff practices the religion of New Wave Movement.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.**

45. Plaintiff is a covered employee to which Title VII applies. See 42 USC § 2000e(a).

**ANSWER: Defendant admits that Plaintiff was Defendant's employee but denies the remaining allegations in Paragraph 45.**

46. Defendants discriminated against Plaintiff with respect to her compensation, terms, conditions. and/or privileges of employment, because of her religion. See 42 USC § 2000e-2(a).

**ANSWER: Defendant denies the allegations in Paragraph 46.**

47. Plaintiff formally complained about religious discrimination to the Equal Employment Opportunity Commission.

**ANSWER: Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and wrote, "I believe I have been discriminated**

against because of my religion, New Wave Movement." Defendant denies the remaining allegations in Paragraph 47.

48. As a result, Defendant discriminated against Plaintiff as complained herein.

**ANSWER: Defendant denies the allegations in Paragraph 48.**

49. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

**ANSWER: Defendant denies the allegations in Paragraph 49.**

## COUNT II
## TITLE VII: RACK DISCRIMINA L ION

50. Plaintiff repeats and realleges paragraphs 1-49 and incorporates same by reference as though fully set out herein.

**ANSWER: Defendant incorporates and restates its answers in Paragraphs 1 through 49 as though fully set forth herein.**

51. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

**ANSWER: Defendant admits that Plaintiff worked for Defendant but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.**

52. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including pay and disciplinary policies in a nondiscriminatory planner without regard to race and without retaliation.

**ANSWER: Defendant admits that Defendant has a Code of Conduct and Equal Employment Opportunity Policy that applies to all employees and prohibits discrimination of protected classes in all aspects of the relationship between Defendant and its employees. Defendant further admits Defendant does not tolerate harassment of any employees based on their protected categories and prohibits any retaliation and that Defendant requires all employees**

to comply with applicable local, state, and federal statutes concerning Equal Employment Opportunity.  Defendant denies the remaining allegation in Paragraph 52.

53. Through the actions alleged hereinabove, Plaintiff was subjected to disparate treatment and was not subjected to the same terms of employment as the non-Black employees.
**ANSWER:  Defendant denies the allegations in Paragraph 53.**

54. Title VII prohibits discrimination in hiring, pay, promotion, termination, and other terms and conditions of employment because of race, color, sex, national origin or religion.
**ANSWER:  Defendant admits that Title VII states: "It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."  Defendant denies the remaining allegations in Paragraph 54.**

55. Defendants discriminated against Plaintiff as set forth herein this Complaint.
**ANSWER:  Defendant denies the allegations in Paragraph 55.**

56. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.
**ANSWER:  Defendant denies the allegations in Paragraph 56.**

## COUNT III
## SECTION 1981 RACIAL DISCRIMINATION

57. Plaintiff repeats and realleges paragraphs 1-56 and incorporates same by reference as though fully set out herein.

**ANSWER: Defendant incorporates and restates its answers in Paragraphs 1 through 56 as though fully set forth herein.**

58. At all times relevant, Plaintiff is an African American female who worked for the Defendants.

**ANSWER: Defendant admits that Plaintiff worked for Defendant, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.**

59. Defendants and their agents were under a duty to prevent discriminatory working environment and conduct and implement their personnel decisions, including pay, and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

**ANSWER: Defendant admits that Defendant has a Code of Conduct and Equal Employment Opportunity Policy that applies to all employees and prohibits discrimination of protected classes in all aspects of the relationship between Defendant. Defendant further admits Defendant does not tolerate harassment of any employees based on their protected categories and prohibits any retaliation and that Defendant requires all employees to comply with applicable local, state, and federal statutes concerning Equal Employment Opportunity. Defendant denies the remaining allegation in Paragraph 59.**

60. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

**ANSWER: Defendant denies the allegations in Paragraph 60.**

61. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

**ANSWER: Defendant denies the allegations in Paragraph 61.**

## COUNT IV
## TITLE VII; HARASSMENT (RELIGION)

62. Plaintiff repeats and realleges paragraphs 1-61 and incorporates same by reference as though fully set out herein.

**ANSWER: Defendant incorporates and restates its answers in Paragraphs 1 through 61 as though fully set forth herein.**

63. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

**ANSWER: Defendant admits that Plaintiff worked for Defendant but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.**

64. Plaintiff was subjected to unwelcome harassment.

**ANSWER: Defendant denies the allegations in Paragraph 64.**

65. The harassment was based on Plaintiffs religion.

**ANSWER: Defendant denies the allegations in Paragraph 65.**

66. The harassment amounted to conduct that was intimidating. hostile, and offensive and interfered with Plaintiff's work performance.

**ANSWER: Defendant denies the allegations in Paragraph 66.**

67. As a consequence. Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

**ANSWER: Defendant denies the allegations in Paragraph 67.**

## COUNT V
## TITLE VII: HARASSMENT/RETALIATIONI)

68. Plaintiff repeats and realleges paragraphs 1-67 and incorporates same by reference as though fully set out herein.

**ANSWER: Defendant incorporates and restates its answers in Paragraphs 1 through 67 as though fully set forth herein.**

69. At all times relevant, Plaintiff is an African American female who worked for the Defendants.

**ANSWER: Defendant admits that Plaintiff worked for Defendant, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.**

70. The Plaintiff complained about discrimination based on her religion.

**ANSWER: Defendant denies the allegations in Paragraph 70.**

71. Plaintiff was subjected to unwelcome harassment because she engaged in a protected activity.

**ANSWER: Defendant denies the allegations in Paragraph 71.**

72. The harassment amounted to conduct that was intimidating, hostile, and offensive.

**ANSWER: Defendant denies the allegations in Paragraph 72.**

73. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

**ANSWER: Defendant denies the allegations in Paragraph 73.**

## COUNT VI
## TITLE VII GENDER DISCRIMINATION -HARRASSMENT

78. Plaintiff reincorporates and re-alleges paragraphs 1-77 as if fully set forth herein.

**ANSWER: Defendant incorporates and restates its answers in Paragraphs 1 through 77 as though fully set forth herein.**

79. Plaintiff is a female and is a protected person under the Title VII.

**ANSWER: Defendant admits that Plaintiff is a protected person under Title VII, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.**

80. Plaintiff was subjected to unwelcome harassment as complained of herein.

**ANSWER: Defendant denies the allegations in Paragraph 80.**

81. As a consequence. Plaintiff suffered damages in the form of lost wages and lost benefits, severe emotional distress, pain and suffering, humiliation, loss of reputation, lack of a positive employment reference, and incidental damages.

**ANSWER:  Defendant denies the allegations in Paragraph 81.**

## COUNT VII
## TITLE VII: RETALIATORY DISCHARGE

82. Plaintiff repeats and realleges paragraphs 1-81 and incorporates same by reference as though fully set out herein.

**ANSWER:  Defendant incorporates and restates its answers in Paragraphs 1 through 81 as though fully set forth herein.**

83. The Plaintiff engaged in protected activity as complained herein.

**ANSWER:  Defendant denies the allegations in Paragraph 83.**

84. Defendants discriminated against Plaintiff as set forth herein this Complaint.

**ANSWER:  Defendant denies the allegations in Paragraph 84.**

85. As a consequence. Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

**ANSWER:  Defendant denies the allegations in Paragraph 85.**

86. More specifically, Plaintiff was terminated because she engaged in protected activity.

**ANSWER:  Defendant denies the allegations in Paragraph 86.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's damages are barred, in whole or in part, because Plaintiff has failed to exercise reasonable diligence in seeking comparable replacement employment.

2. Plaintiff's allegations and/or claims are beyond the scope of her EEOC Charge of Discrimination and EEOC Notice of Right to Sue.

4. Plaintiff's allegations and/or claims are untimely because they occurred well before the 300-day look-back period covered by her EEOC Charge of Discrimination.

5. Punitive damages are unavailable against Defendant because it is a governmental entity and/or local public entity, and Plaintiff cannot demonstrate that Defendant engaged in intentional discrimination with malice or with reckless indifference to Plaintiff's state and/or federally protected rights.

6. Plaintiff's liability claims are barred by the *Faragher-Ellerth* doctrine.

7. Defendant cannot be held vicariously liable for punitive damages based upon acts or omissions of its managerial employees under the doctrine of *Kolstad v. American Dental Association*, 527 U.S. 526 (1999), as those acts or omissions were contrary to Defendant's good-faith efforts to comply with the requirements of Title VII.

Dated: August 9, 2024

Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra, Defendant

By: /s/ David V. Cascio
David V. Cascio
One of Its Attorneys

David V. Cascio
LANER MUCHIN, LTD.
515 North State Street, Suite 2400
Chicago, IL 60654
(312) 467-9800 / (312) 467-9429 (fax)
Attorney for Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra

**CERTIFICATE OF SERVICE**

      I, David V. Cascio, an attorney, hereby certifies that he caused the foregoing **Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint** in the above-captioned matter to be filed with the Court and served upon the parties of record listed below, via the Court's e-filing system, on this 9th day of August, 2024, addressed to:

            Kendra Danielle Spearman
            Spearman Law, LLC
            150 S. Wacker Drive, 24th Floor
            Chicago, IL 60606
            (312) 788-2602
            Fax: Not a member
            Email: kendra@spearmanlaw.com

                                        */s/* David V. Cascio