IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| JULIE HODGE, | ) | |
| | ) | 1:24-cv-02226 |
| Plaintiff, | ) | |
| | ) | |
| and | ) | Judge Jorge L. Alonso |
| | ) | Magistrate Beth W. Jantz |
| NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD | ) | |
| CORPORATION, d/b/a METRA | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

I. **Status of Completion of Fact Discovery**

a. Plaintiff's Position: The gravamen of Plaintiff's claims in the instant matter is discrimination on the basis of religion. More specifically, Plaintiff seeks damages on the basis that she was denied a religious accommodation in response to the Defendant's COVID-19 vaccine mandate. Accordingly, Plaintiff requested the documents submitted by employees of Defendant who also submitted applications for a religious accommodation request. This information is the very essence of Plaintiff's claims and is conducive to assessing the damages in this matter. The Defendant has refused to produce the documents. Plaintiff's counsel is conducting two additional depositions on tomorrow to which the requested documents are critical. Therefore, Plaintiff's counsel will request to keep these depositions open so that she may re-depose the witnesses, pending resolution of the discovery dispute. Plaintiff intends to file a motion to compel, if there is no resolution.

Additionally, Plaintiff's deposition was taken on September 22, 2025. The Defendant's counsel has requested to keep Plaintiff's deposition open. Defendant claims "Plaintiff testified that she withheld responsive documents from her attorney during discovery based on her own relevancy determinations." However, the Defendant mischaracterizes Plaintiff's testimony. While Plaintiff objects to Defendant re-deposing Plaintiff, Plaintiff and Defendant will confer in an attempt to resolve the dispute prior to the filing of any motions.

    b. Defendant's Position: During Plaintiff's deposition, Plaintiff testified that she withheld responsive documents from her attorney during discovery based on her own relevancy determinations. In addition, Plaintiff testified that her treater at DuPage Medical Group (now Duly) was not disclosed in discovery, that her records from there were not produced in discovery, and the medical authorization for this medical provider was not provided (even though it was requested, and Plaintiff supplemented her interrogatory answer regarding medical providers multiple times). She testified that this treater directed her not to take the at-issue vaccination and that this is where she was tested for antibodies, which is also at issue in this litigation. Moreover, not only are these medical records relevant for Plaintiff's potential admissions and the above-referenced items at issue, but also these medical records are relevant to Plaintiff's alleged pain and suffering, ability to work, and/or other alleged damages. These records were requested in discovery, no objections are pending to the request, and Defendant left open Plaintiff's deposition to obtain these records and re-depose Plaintiff about them. Defendant and Plaintiff are continuing to confer about these items before Defendant files a motion to compel. Furthermore, two more depositions are scheduled to be completed tomorrow. Other than these items, Defendant states that fact discovery is completed. Defendant requests 30 days to file a motion to compel so that the Parties can confer, Defendant can obtain the relevant deposition transcripts, and Defendant can prepare the motion.

## II. Expert Discovery Schedule

    a. Plaintiff's Position: Plaintiff currently intends to engage in expert discovery but needs to complete the remaining depositions before making a full determination.

    b. Defendant's Position: Although Defendant does intend to retain a liability expert, Defendant cannot determine if it intends to retain damages experts until it receives a complete medical record from Plaintiff and re-deposes Plaintiff on her records from DuPage Medical Group. Defendant does intend to depose Plaintiff's treaters, including her treater from DuPage Medical Group. Defendant would request that an expert discovery schedule not be entered until Plaintiff produces her medical records from DuPage Medical Group and/or provides a medical authorization so that Defendant can obtain these records and re-depose Plaintiff about them.

## III. Settlement Interest

    a. Plaintiff's Position: Plaintiff has tendered a settlement demand to Defendant, but the Defendant has not provided a counteroffer.

    b. Defendant's Position: Defendant is not interested in settlement at this time.

**IV.** **Other Items**

    a. Plaintiff's Position: Hours before the filing of this status report, the Defense informed Plaintiff of its intention to amend their Answer to include two affirmative defenses. Plaintiff currently objects to the amendments as untimely. Moreover, Defendant has had sufficient information for three years that would have allowed such affirmative defenses to be included prior. Aside from the aforementioned discovery disputes, Plaintiff asserts that fact discovery is closed and Plaintiff does not have opportunity to conduct discovery in accordance with Defendant's proposed amendments.

    b. Defendant's Position: Based on the information obtained during depositions just recently completed, Defendant intends to file a motion for leave to amend its answer to include additional affirmative defenses—once it receives the deposition transcripts from relevant witnesses—to include an affirmative defense under the Illinois Tort Immunity Act for Plaintiff's retaliatory discharge claim and an affirmative defense for the failure to mitigate her damages for Plaintiff's refusal to return to duty. Plaintiff has advised that she objects to this Motion. Defendant requests 30 days to file this motion, so that it can obtain the deposition transcripts and prepare the motion.

Respectfully Submitted,

/s/ Kendra D. Spearman
**Kendra D. Spearman**
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com

and

/s/ David V. Cascio
David V. Cascio
LANER MUCHIN, LTD.
515 North State Street, Suite 2400
Chicago, IL 60654
(312) 467-9800 / (312) 467-9429 (fax)
Attorney for Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra
dcascio@lanerlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **October 1, 2025**, I electronically filed the foregoing ***Joint Status Report,*** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

David V. Cascio
LANER MUCHIN, LTD.
515 North State Street, Suite 2400
Chicago, IL 60654
(312) 467-9800 / (312) 467-9429 (fax)
Attorney for Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra
dcascio@lanerlaw.com