**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE HODGE, | ) | |
| | ) | 1:24-cv-02226 |
| Plaintiff, | ) | |
| | ) | |
| and | ) | Judge Jorge L. Alonso |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD | ) | |
| CORPORATION, d/b/a METRA | ) | |
| | ) | |
| Defendant. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO AMEND ITS ANSWER
AND AFFIRMATIVE DEFENSES**

Now comes the Plaintiff, Julie Hodge (hereinafter "Plaintiff") by and through her counsel, Spearman Law, LLC in opposition to Defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a METRA's (hereinafter "Defendant") Motion to Amend Its Answer and Affirmative Defenses and states the following in support thereof:

1. The deadline to amended pleadings in this case was September 30, 2024, well over a year ago.

2. The Defendant asserts: "Based on the information obtained during depositions just recently completed, Defendant intends to file a motion for leave to amend its answer to include additional affirmative defenses." The Defendant mentions this practically thirteen (13) months after the deadline.

3. The Court stated that "any motion to amend filed after [the original motion to amend deadline] would need to meet the Rule 16's good cause standard." (Doc. # 53).

4. In making a Rule 16(b) good-cause determination, the primary consideration for the Court is the diligence of the party seeking amendment." <u>Alioto v. Town of Lisbon</u>, 651 F.3d 715, 720 (7th Cir. 2011).

5. Here, there is nothing "diligent" about the Defendant's actions as it pertains to the proposed amendments.

6. Defendant claims that it is "making this request only weeks after becoming aware from the depositions of the facts that give rise to this amendment and only days after receiving the final deposition transcript upon which Defendant became *fully aware* to be able to articulate and draft the affirmative defenses to support the amendment."

7. The Defendant further claims, "it was not until the depositions were completed that Defendant became aware of testimony that gave rise to this amendment, and it was not until Defendant obtained the deposition transcripts that it became *fully aware* and was able to prepare its amendment."

8. However, none of the testimony referenced by the Defendant is "new information". Moreover, the Defendant has been *fully aware* of this information for over three (3) years.

9. More specifically, Defendant claims that there was testimony pertaining to "a determination of policy and the exercise of discretion surrounding employment decisions related to Plaintiff."

10. It is well known and undisputed that the Defendants issued a COVID-19 Vaccination Mandate in 2021.

11. As equally as important, Defendant well knows and has known for over three (3) years that the Plaintiff was removed from service and subsequently terminated in response to Defendant's "employment decisions" surrounding that policy.

12. Therefore, Defendant has had ample time and opportunity to add the affirmative defense of Illinois Tort Immunity Act in response to Plaintiff's retaliatory discharge claim.

13. Similarly, Defendant claims that a witness testified that "although Plaintiff was removed from her Road Foreman of Engineers position and removed from service, she, had the right to return to duty within 60 days or her employment would end." Defendant further asserts that a witness "testified that Plaintiff's employment ended because she failed to return to duty within 60 days, as required. Therefore, Plaintiff failed to mitigate her damages by effectively."

14. Again, this deposition testimony did not provide the Defendant with the first "bite at the apple" to raise the proposed affirmative defenses.

15. It has been well known and undisputed for three (3) years that the Plaintiff did not return to work within "60 days."

16. The Defendant further submits that "The Supreme Court has instructed that leave to amend should be freely granted unless there is "undue delay, bad faith, or dilatory motive on the part of the movant."

17. The instant matter is precisely a case involving "undue delay" and a "dilatory motive" on the part of the Defendant.

18. All of the alleged facts that give rise to Defendant's proposed amendments have been known to the Defendant for well over three (3) years. The Defendant issued a COVID-19

Vaccination Mandate in 2021. The Plaintiff filed an EEOC charge on July 28, 2022. The Plaintiff filed an amended EEOC charge on November 28, 2023.

19. Furthermore, this is an outlier case where two administrative agencies conducted extensive investigations. All of the issues have involved Plaintiff's removal from service in response to the Defendant's policy and decision-making, Plaintiff's extended leave, and ultimate termination. This is "nothing new" to Defense counsel and this motion should be denied See Cage v. Harper, 42 F.4th 734, 742-43 (7th Cir. 2022) (concluding that plaintiff did not show good cause under Rule 16 in part because he "had all the information he needed to include [the proposed new] claim much earlier in the litigation"); Hukic v. Aurora Loan Servs., 588 F.3d 420, 427 (7th Cir. 2009) (affirming denial of leave to amend under Rule 15 in part because the proposed amendment was based on information "available long before the party sought leave to amend"; Sheridan v. Johnston, No. 13 CV 04716, 2015 U.S. Dist. LEXIS 199148 (N.D. Ill. Oct. 30, 2015) ( Court found that the Defendants did not act diligently in seeking to amend 10 months after the deadline when the facts underlying the new defense were known earlier.

20. Furthermore, all of this information is included in the plethora of discovery documents exchanged in this case which the Defense has possessed for 2-3 years, if not more.

21. Finally, to allow an amendment over a year after the deadline imposed by the Court will engender extreme prejudice to Plaintiff.

22. For example, had Plaintiff known that the Defendant intended to raise these affirmative defenses, it may have influenced Plaintiff's decision-making as it pertains to the significant time and expenses spent on the case. Additionally, Plaintiff's strategy and approach to discovery may have been different had she known that the Defendant intended to raise

these affirmative defenses; however, Plaintiff no longer has that opportunity. Consequently, giving the Defendant such an opportunity would be unconscionable.

23. Contrary to the Defendant's position, the deposition testimony was not new information. The Defendant has had over thirteen (13) months to "act" but failed to do so.

WHEREFORE, Plaintiff, Julie Hodge (hereinafter "Plaintiff") respectfully request this Honorable Court to deny the Defendant's Motion for Leave to Amend its Answer and Affirmative Defenses.

Dated: November 20, 2025

Respectfully Submitted,

/s/Kendra D. Spearman
Kendra D. Spearman
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 606006
312-788-2602
kendra@spearmanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2025, I served the foregoing document upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

<u>/s/Kendra D. Spearman</u>
Kendra D. Spearman
Attorney for the Plaintiff