**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | Case No. 1:24-cv-02226 |
| | ) | Hon. Jorge L. Alonso |
| NORTHEAST ILLINOIS REGIONAL | ) | Magistrate Judge Beth W. Jantz |
| COMMUTER RAILROAD | ) | |
| CORPORATION d/b/a METRA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S MOTION TO COMPEL AND/OR FOR SANCTIONS</u>

Defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, ("Defendant"), through undersigned counsel, pursuant to this Court's December 29, 2025 Order (Doc. # 61), Rule 37, and Local Rule 32.7, moves this Court to enter an order compelling Plaintiff to produce: (1) documents that support Plaintiff's alleged beliefs (including, but not limited to, RFK, Jr. items, YouTube video(s), printed out papers, and CDC documents), which Plaintiff claims to have withheld due to her own relevancy determination; and (2) medical records from and medical authorizations for DuPage Medical Group/Duly Medical Group and Plaintiff's most recent car accident (collectively, "Outstanding Discovery Responses"); and/or for sanctions for discovery violations and violation of this Court's December 29, 2025 Order. In support of this Motion, Defendant states the following:

1. On December 29, 2025, the Court ordered: "Plaintiff is to produce the documents that the Parties agreed would be produced, including a medical records release, by 1/6/26." (Doc. # 61). The Parties agreed and the Court was informed that Plaintiff would provide Supplemental Discovery Responses to Defendant, Defendant would subpoena Plaintiff's medical

providers for outstanding medical records, and Defendant would then re-depose Plaintiff on the Supplemental Discovery Responses and outstanding medical records after they were received.

2. On January 6, 2026, Plaintiff asked Defendant whether it would be providing medical authorizations. That same day, Defendant provided medical authorization forms to Plaintiff, explaining that the medical authorizations should be completed for DuPage Medical Group, now known as Duly Medical Group, and for "[w]herever [Plaintiff] received treatment for her car wreck."

3. When Plaintiff provided nothing, Defendant contacted Plaintiff on January 7, 2026, inquiring, "Was your client able to find the other documents? RFK, Jr. docs, youtube video, printed out papers, CDC docs?" There was no response to that email.

4. On January 12, 2026, Defendant again contacted Plaintiff, stating, "Following up on all outstanding items." Plaintiff responded, "Sorry. Give me until end of week please."

5. On January 20, 2026, Plaintiff informed Defendant that Plaintiff is "working on notary, as she cannot drive right now. Should have it in a few days."

6. However, Defendant has not received any of the Outstanding Discovery Responses, including medical authorizations.

7. In addition, Defendant has attempted to reach Plaintiff by telephone to resolve this discovery deficiency but has been unable to do so.

8. As a result, due to the Court's December 29, 2025 Order and Defendant's numerous attempts to obtain Plaintiff's compliance with the Court's December 29, 2025 Order, as described above, Defendant has complied with Local Rule 37.2.

9. The Federal Rules of Civil Procedure allow a party to seek an order compelling disclosure and for appropriate sanctions, including reasonable fees and expenses. Rule 37. In

addition, sanction may also be imposed for violation of a Court's order, including striking claims and/or pleadings. *Id.* Specifically, "Rule 37 of the Federal Rules of Civil Procedure treats incomplete and evasive [discovery] responses as no response at all and authorizes a range of sanctions, including dismissal, for failure to comply with discovery orders. *Brown v. Montgomery*, No. 25-1220, 25 U.S. App. LEXIS 33095, at *7-8 (7th Cir. Dec. 18, 2025) (affirming sanctions in the form of a dismissal with prejudice of plaintiff's complaint due to failing to provide discovery responses and violation of discovery orders).

10.     Therefore, Defendant seeks an order from the Court compelling Plaintiff to provide the Supplemental Discovery Responses within five (5) days and for appropriate sanctions, including reasonable fees and expenses for bringing this Motion, or, in the alternative, dismissal of Plaintiff's Second Amended Complaint with prejudice.

11.     Because Plaintiff has not provided Supplemental Discovery Responses to Defendant, Defendant has not been able to subpoena Plaintiff's outstanding medical records and, therefore, has not been able to re-depose Plaintiff on Supplemental Discovery Responses and outstanding medical records.

WHEREFORE, Defendant seeks an order from the Court compelling Plaintiff to provide Supplemental Discovery Responses to Defendant within five (5) days and/or for sanctions, and any other relief that this Court deems appropriate.

Dated: March 24, 2026                                    Respectfully submitted,

                                                         DEFENDANT,

                                                         /s/David V. Cascio
                                                         David V. Cascio
                                                         Laner Muchin, Ltd.
                                                         515 North State Street, Suite 2400
                                                         Chicago, Illinois 60654
                                                         (312) 467-9800

(312) 467-9479 (fax)
Dcascio@lanerlaw.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, David V. Cascio, an attorney, hereby certifies that he caused the foregoing **Defendant's Motion to Compel and For Sanctions** in the above-captioned matter to be filed with the Court and served upon the parties of record listed below, via the Court's e-filing system, on this 24th day of March 2026, addressed to:

Kendra Danielle Spearman
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
(312) 788-2602
Fax: Not a member
Email: kendra@spearmanlaw.com

*/s/*David V. Cascio
David V. Cascio